**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<pre>
       CHAMBERS OF                                           101 W. LOMBARD STREET
      PAUL W. GRIMM                                        BALTIMORE, MARYLAND 21201
CHIEF UNITED STATES MAGISTRATE JUDGE                              (410) 962-4560
                                                               (410) 962-3630 FAX
</pre>

February 6, 2012

Robert Skeen, Esq.
Skeen Goldman LLP
11 E. Lexington Street, 4th Floor
Baltimore, MD  21202

Alex S. Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

    **Re: Rosalie Adams v. Michael J. Astrue, Commissioner of Social Security, PWG-10-990**

Dear Counsel:

    Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Rosalie Adams' claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits("SSI"). (ECF Nos. 11,18,20).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court **GRANTS** the Commissioner's Motion and **DENIES** the Plaintiff's Motion.

    Rosalie Adams (sometimes referred to as "Ms. Adams" or "Claimant"), applied for SSI and DIB on January 19, 2007, alleging that she was disabled since December 22, 2006, due to bipolar disorder and high blood pressure. (Tr. 101, 138). Her claims were denied initially and upon reconsideration. (Tr. 57-60).  A hearing was held before an Administrative Law Judge ("ALJ"), the Honorable William L. Akers on September 18, 2008, where Ms. Adams appeared with counsel and testified.  The ALJ subsequently denied her claim in a decision dated December 2, 2008. (Tr. 13-18).  The ALJ found that although Ms. Adams'

bipolar disorder was "severe", as defined in the Regulations, it did not meet or medically equal any of the listed impairments ("the Listings") found in the Regulations. (Tr. 15).  The ALJ also determined that Ms. Adams retained the residual functional capacity ("RFC") to perform work at all exertion levels but with certain nonexertional limitations. (Tr. 16).  The ALJ found that Claimant was not able to perform any of her past relevant work ("PRW").  However considering her age, education, work experience, RFC and after receiving testimony from a vocational expert("VE"), the ALJ determined there were jobs in the local and national economies that she could perform.  Accordingly, the ALJ found that Ms. Adams was not disabled. (Tr. 18). On February 18, 2010, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 1-4).

Ms. Adams presents two arguments in support of her appeal. First, she argues that as a result of her bipolar disorder she meets Listing 12.03C.  She also argues that ALJ improperly ignored the opinions of her treating physician.  *See* Plaintiff's Memorandum, pp. 3-8.  For the reasons that follow, I disagree.

Claimant's primary argument is that the ALJ erred at step three of the sequential evaluation because he failed to find that Claimant's medical conditions were not of a severity that met, or medically equalled, the listed impairment of a psychotic disorder defined in 12.03C.  She argues that Listing 12.03 is applicable however the Listing for Affective Disorders is defined in Listing 12.04, and the ALJ discussed Listing 12.04. See Plaintiff's Memo. p. 3-5[1]

After careful review of the record I find the ALJ's finding at step three is supported by substantial evidence.  At the time of the ALJ's decision, Listing 12.04, in relevant part, provided:

> 12.04 *Affective Disorders*: Characterized by a
> disturbance of mood, accompanied by a full or partial
> manic or depressive syndrome. Mood refers to a

---

[1] Claimant challenges the ALJ's step three analysis but fails to recognize that Listing 12.03 relates to schizophrenia, paranoid or other psychotic disorders. This does nothing to further Claimant's argument.

2

>prolonged emotion that colors the whole psychic life;
>it generally involves either depression or elation.
>**The required level of severity for these disorders is
>met when the requirements** in both A and B are
>satisfied, or when the requirements **of C are
>satisfied...**
>Or
>**C.** Medically documented history of a chronic affective
>disorder of at least 2 years' duration that has caused more
>than a minimal limitation of ability to do basic work
>activities, with symptoms or signs currently attenuated by
>medication or psychosocial support, and one of the
>following:
>
>1. **Repeated episodes of decompensation
>each of extended duration;** or
>2. A residual disease process that has resulted in
>such marginal adjustment that even a minimal increase
>in mental demands or change in the environment would
>be predicted to cause the individual to decompensate;
>or
>3. Current history of 1 or more years' inability to
>function outside a highly supportive living
>arrangement, with an indication of continued need for
>such an arrangement.
>
>*See* 20 C.F.R. Pt. 404, Subpt. P., App. 1.(As of April
>1, 2008)(emphasis added).

The ALJ stated that he considered the criteria of Listing 12.04.(Tr. 17). Claimant cites Dr. Ahn's report to support her argument that she met subsection 3, and suffered "repeated episodes of decompensation". See Exhibit 9F (Tr. 255). She contends that this report, in and of itself, constitutes substantial evidence of "repeated episodes of decompensation". *See* Plaintiff's Mem., p. 5.

However, the Regulations define "episodes of decompensation" as exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration persistence or pace. "Repeated" means "three episodes within 1 year, or an average of once every four months, each lasting for at least 2 weeks. *See* Introduction to Mental

3

Disorders 12.00(emphasis added).  The evidence in Ms. Adams' records simply does not meet this definition and the ALJ's findings at step three are supported by substantial evidence.

Ms. Adams also argues that the ALJ improperly ignored the opinions of her treating physician, Dr. Byung Ahn.  On January 23, 2007, Dr. Ahn completed a Medical Report form 402B, in which he stated, among other things, that due to her "bipolar disorder" Claimant was "prevented from working" for a period of one year from 1/23/07 to 1/23/08. (Tr. 255).

The ALJ stated that he considered all the medical records, including those from Highlandtown Community Health Center, where Dr. Ahn had treated Ms. Adams.  The ALJ cited Exhibit 9F as well as other exhibits and stated that the treatment notes showed Ms. Adams was at most "moderately limited" and was "oriented to person, place, and time."  The medical evidence does not support a finding of disability. (Tr. 17).

A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig* v. *Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2).  While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record.  In this case, I find that the ALJ fulfilled this duty.  Contrary to Claimant's argument, I find that the ALJ adequately discussed Dr. Ahn's opinions in his decision and the ALJ's findings are explained adequately and are supported by substantial evidence.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

                                          Sincerely,

                                          /s/
                                          Paul W. Grimm
                                          United States Magistrate Judge